NO. 07-10-00516-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JANUARY
5, 2011

 



 

IN RE CLARENCE L. CERF, RELATOR



 



 

 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Relator, Clarence L. Cerf, has filed an “Application for a Motion
for a Writ of Mandamus” requesting this Court to order the district clerk and
court reporter to provide him a free copy of the appellate record.  We deny the petition.

Texas
Rule of Appellate Procedure 52.3[1]
identifies the requirements for a petition for writ of mandamus[2]
filed in this Court.  Cerf has failed to
comply with these requirements.  Rule
52.3(a) requires that a petition must include a complete list of all parties
and the names and addresses of all counsel. 
Cerf does not identify any of the parties against whom he seeks mandamus
relief.  In fact, the only identification
of what this petition relates to is the identification of the pending criminal
appellate cause number and the underlying trial court cause number.  Rule 52.3(b) requires that the petition
include a table of contents with references to the pages of the petition and an
indication of the subject matter of each issue or point raised
in the petition.  Cerf’s petition
includes no table of contents.  Rule
52.3(c) requires that a petition include an index of authorities in which all
authorities cited in the petition are arranged alphabetically and the page(s)
upon which the authorities are cited is indicated.  Cerf=s petition includes no index of authorities.[3]  Rule 52.3(d) requires a statement of the case
that includes a concise description of the nature of the underlying
proceeding.  Cerf=s petition does not contain a
statement of the case, and does not include a concise description of the nature
of the underlying proceeding.[4]  Rule 52.3(e) requires the petition include a
statement regarding the basis of this Court’s jurisdiction.  Cerf’s petition simply indicates that he is
filing his petition “pursuant to the jurisdiction of this Court pursuant to the
[Texas Rules of Appellate Procedure].” 
Rule 52.3(f) requires the petition include a concise statement of all
issues or points presented for relief. 
Cerf’s petition includes no such statement.  Rule 52.3(g) requires the petition include a
statement of facts supported by citation to competent evidence included in the
appendix or record.  Cerf’s petition does
not include a statement of facts.  Rule
52.3(h) requires a clear and concise argument for the contentions made, with
appropriate citations to authorities. 
Cerf’s argument is reasonably clear and concise.  However, the petition includes no citations
to legal authority.  Rule 52.3(j)
requires the person filing the petition to certify that he has reviewed the
petition and concluded that every factual statement in the petition is
supported by competent evidence included in the appendix or record.  Cerf did not certify his petition.  Finally, Rule 52.3(k)(1)(A)
requires that the appendix to the petition include a certified or sworn copy of
any order complained of, or other document showing the matter complained
of.  Cerf has not included an appendix to
his petition.  As each of these items are required in a petition for writ of mandamus and Cerf has
failed to comply with these requirements, we may not grant the relief that he
requests.

We do
note, however, that this Court abated and remanded Cerf’s pending criminal
appeal to the trial court for further proceedings.  One of the issues to be addressed by the
trial court on remand is Cerf’s entitlement to a free appellate record.  Thus, even if Cerf’s petition complied with
the requirements for a petition for writ of mandamus, it would appear to have
been prematurely filed.

As Cerf=s petition for writ of mandamus does
not comply with the requirements of Rule 52.3, we deny the petition.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

            








 











[1]Further citation of Texas Rules of
Appellate Procedure will be by reference to ARule __.@





[2] While Cerf’s filing is denominated an application for
a motion for a writ of mandamus, the body of the document presents a petition
for writ of mandamus, and we will construe it as such.

 





[3] However, we note that Cerf’s petition cites no
authority, so there is no authority to include in an index of authorities.

 





[4] While not properly included in a
statement of the case, it is clear that Cerf is seeking a free copy of the
clerk’s and reporter’s records in his pending criminal appeal.